No. 750

DODD CO. v. McCLELLAND

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6778. Decided June 21, 1926.

Judges Roberts and Farr, 7th Dist., sitting.

**829. NEGLIGENCE—Where it was duty of driver, in operation of motor truck, to exercise reasonable care and give warning of its approach, person struck was under no duty or obligation to safeguard himself from such danger until he had knowledge of such approach.**

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Company.

C. T. Rich, Cleveland, for McClelland.

Error to Common Pleas.

Judgment affirmed.

ROBERTS, J.

Wm. McClelland, was an employee of the Cleveland Illuminating Co., and, while engaged in the installation of a new conduit in the city of Cleveland, he was injured by the alleged negligence of The Dodd Co.

It seems that there was a large tool box of the Illuminating Co. on the sidewalk of the street where McClelland was working, and that, while he was looking for the tools therein, with his head and shoulders in the box, a truck of the Dodd Co., parked on the same side of the street upon which the tool box was situated, backed up to the tool box, catching McClelland between the box and the mud guard or running board of the truck, causing the injuries complained of.

The jury returned a verdict in favor of McClelland and error was prosecuted. McClelland contends that the Company was guilty of negligence in failing to give warning at the approach of the truck; in operating a truck upon the wrong side of the roadway; and in failing to maintain a lookout in the roadway while the truck was proceeding backwards. The Company alleged contributory negligence on part of McClelland and claims that the court erred in charging the jury to the effect there was no evidence tending to indicate contributory negligence on part of McClelland, and withdrawing from the consideration of the jury that issue attemtped to be made.

McClelland might reasonably have anticipated the approach of vehicles from the east, but he was under no obligation to anticipate, in absence of knowledge to the contrary, that the Company, in the operation of its truck, would be negligent, or that the truck, having passed him and parked to the west of him, would, when put in motion, be propelled backwards, in the wrong direction, against traffic.

It was the duty of the servants of the Dodd Co., in operation of the truck, to exercise reasonable care and to apprise McClelland, if in a place of danger, of the approach of the truck; and until he had knowledge of such approach, he was under no duty to safeguard himself from such danger.

McClelland was not guilty of contributory negligence and the court did not err in failing to submit this question to the jury.

It is claimed that the Court, in saying: "Or in operating its motor truck on the wrong side of the roadway," indicated to the jury that such operation of the truck was negligence; and, if the jury found this undisputed, then the Company would be liable.

Considering all that the Court said on this proposition, the jury could not have been misled so as to believe that the simple fact of moving the truck backward was, of itself, negligence, and justified a verdict for McClelland. There was no error in thus submitting the issues to the jury.

(Farr, J., concurs.)

---

No. 751

GIFFORD v. WARREN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6823. Decided Oct. 18, 1926.

First Publication of this Opinion.

**100. ASSAULT AND BATTERY—480. Evidence—In action to recover damages for assault and battery, it is error to admit evidence as to permanency of injuries received or impairment of earning capacity, where such grounds for damages are not specially pleaded.**

**1193. TRESPASS—Father-in-law is implied invitee to visit son-in-law's premises.**

Error to Common Pleas.

Judgment affirmed.

Gurney, Gurney & Gurney, Cleveland, for Gifford.

Bostwick & Bostwick, Cleveland, for Warren.

PER CURIAM.

This was an action for assault and battery prosecuted by Charles Gifford against George Warren. A verdict was returned in favor of Warren.

The evidence disclosed that the alleged assault was made after plaintiff applied force upon the body of the defendant in attempting to evict him from plaintiff's premises.

Defendant was plaintiff's father-in-law and, as such, was an implied invitee to visit plaintiff's premises. There was no justification for the plaintiff acting as he did, and defendant, in repelling the assault made upon him by the plaintiff, acted in defense of his person.

It is claimed that the Court erred in refusing to admit evidence of special damages. This is without foundation. "In an action for damages on account of assault and battery, it is error to admit evidence as to the permanency of the injuries received or the impairment of earning capacity where these grounds of damages were not specially pleaded." Society v. Helman, 14 C.C. (N.S.) 522.

The jury finding that there was no liability whatsoever, on part of the defendant, refusal of the court to admit evidence of special damages could not possibly be held to be prejudicial to plaintiff.

(Levine, PJ., Sullivan and Vickery, JJ., concur.)